UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VISIONS FEDERAL CREDIT UNION,

                             Plaintiff,                    3:22-cv-00602 (BKS/ML)

v.

P.W. CAMPBELL CONTRACTING COMPANY,

                             Defendant.
_____

**Appearances:**

*For Plaintiff:*
Walter G. Breakell
Paul C. Marthy
Hinman, Howard & Kattell, LLP
10 Airline Drive, Suite 205
Albany, NY 12205

*For Defendant:*
Phillip R. Earnest
Stephen F. Raiola
Rebecca Johnson Barksdale
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM DECISION AND ORDER**

**I.    INTRODUCTION**

        On May 10, 2022, Plaintiff Visions Federal Credit Union commenced this action by Summons with Notice against Defendant P.W. Campbell Contracting Company, Inc. in New York State Supreme Court, Broome County. (Dkt. No. 2). Defendant removed the action to this Court on June 6, 2022, (Dkt. No. 1), asserting that this Court has subject-matter jurisdiction over

Plaintiff's claims for breach of contract and breach of warranty under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants the federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (stating that "[i]t is well established that for a case to fit within [§ 1332], there must be complete diversity" between plaintiffs and defendants (internal quotation marks omitted)). Because the notice of removal did not specify Defendant's state of incorporation[1] or allege whether Plaintiff, a federal credit union, falls under the localization exception to the general rule that federal credit unions are stateless "national citizens," on June 9, 2022, the Court issued an order to show cause directing the parties to show cause why this action should not be remanded for lack of subject matter jurisdiction. (Dkt. No. 8). Defendant submitted a response, (Dkt. No. 15), Plaintiff submitted a reply, (Dkt. No. 16), and Defendant submitted a surreply, (Dkt. No. 17). For the reasons below, the Court finds that it lacks subject matter jurisdiction over the matter and remands to New York State Supreme Court, Broome County for further proceedings.

## II.   JURISDICTIONAL FACTS[2]

Plaintiff is headquartered in Endwell, New York, and uses an address in Endicott, New York for correspondence. (*See* Dkt. No. 15-1, at 2, 18, 79). Plaintiff's Senior Vice-President and

---

[1] In their briefing in response to the order to show cause, neither party clarified Defendant's state of incorporation.

[2] The jurisdictional facts are largely undisputed, and drawn from the parties' submissions, including: (1) printouts from Plaintiff's website, (Dkt. No. 15-1, at 1–18); (2) copies of Plaintiff's user agreements and terms and conditions, (*id.* at 19–79); (3) an affidavit from Kenneth M. Burt, Plaintiff's Senior Vice-President and Chief Financial Officer, (Dkt. No. 16-1); and (4) Plaintiff's charter and bylaws, (Dkt. Nos. 16-2 and 16-3). *See Romero v. DHL Express (U.S.A.), Inc.*, No. 15-cv-4844, 2016 WL 6584484, at *1, 2016 U.S. Dist. LEXIS 154279, at *3 (S.D.N.Y. Nov. 7, 2016) ("On a motion to remand for lack of subject matter jurisdiction, courts assume the truth of non-jurisdictional facts alleged in the complaint, but may consider materials outside of the complaint, such as documents attached to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." (citation omitted)), *aff'd sub nom. Romero v. DHL Express (USA), Inc.*, 719 F. App'x 80 (2d Cir. 2018) (summary order).

Chief Financial Officer, Kenneth Burt has provided an affidavit stating that Plaintiff currently has 62 branch offices; of those, 38 are in New York State, 14 are in New Jersey, and 10 are in Pennsylvania. (Dkt. No. 16-1, ¶ 7). Plaintiff has employees in all three states. (*Id.*; *see also* Dkt. No. 15-1, at 5–16 (listing of job opportunities for offices across all three states)).

Plaintiff's charter and bylaws do not restrict its activities to any state. (Dkt. No. 16-1, ¶ 6). Its field of membership includes people living, working, or otherwise connected to various counties and municipalities throughout New York, Pennsylvania, and New Jersey. (*Id.*; Dkt. No. 16-2, at 2–59). Its customer agreements include forum selection and choice of law clauses stating that any disputes must be heard in Broome County, New York, and that New York law will apply. (Dkt. No. 15-1, at 27, 32, 47, 54, 62, 66–67, 79).

Of the total amount of outstanding shares belonging to Plaintiff's members as of April 30, 2022, 24.4% were held by members of offices located outside of New York (14.9% by members of offices located in New Jersey and 9.5% by members of offices located in Pennsylvania). (Dkt. No. 16-1, ¶ 8). Kenneth Burt attests that 19.8% of its total outstanding loans are to members of offices outside of New York, with 15% to New Jersey offices and 4.8% to Pennsylvania offices, (Dkt. No. 16-1, at 2–3)

### III.  DISCUSSION

#### A.  Localization Exception

"The general rule with respect to federal credit unions is that they are not considered to be a citizen of any particular state for the purpose of establishing diversity of citizenship . . . Rather, they are considered stateless 'national citizens' that are not amenable to § 1332(a) jurisdiction." *Parks Heritage Fed. Credit Union v. Fiserv Sols., Inc.*, No. 16-cv-7734, 2017 WL 74280, at *4, 2017 U.S. Dist. LEXIS 1491, at *9 (S.D.N.Y. Jan. 4, 2017) (citing *Broadbridge Fin. Sols, Inc. v. CNBS, LLC*, No. 15-cv-4978, 2016 WL 1222339, at *1, 2016 U.S. Dist. LEXIS

3

37933, at *2 (S.D.N.Y. Mar. 23, 2016)). "There is, however, a 'limited exception' to this rule . . . Under this so-called 'localization' exception, if a federal credit union's activities are 'localized' within a single state, the credit union is deemed a citizen of that state for diversity purposes." *Id.* (citing, inter alia, *TCT Fed. Credit Union v. Cumis Inc. Soc'y, Inc.*, No. 10-cv-150, 2011 WL 817496, at *2, 2011 U.S. Dist. LEXIS 20371, at *5–6 (N.D.N.Y. Mar. 2, 2011)). "To have 'localized' activities does not mean the credit union's activities are exclusive to a state. To determine whether a federal credit union is 'localized' in a particular state, 'courts consider the credit union's principal place of business, the location of branch offices, the volume of business transacted in different states, and any other evidence that tends to show the local or national nature of the corporation's plans and operations.'" *Id.*, 2017 WL 74280, at *4, 2017 U.S. Dist. LEXIS 1491, at *9–10 (citing *Broadbridge*, 2016 WL 1222339, at *1, 2016 U.S. Dist. LEXIS 37933, at *3).

Here, the Court does not find that that Defendant, as the removing party, has satisfied its burden to demonstrate that Plaintiff is "localized" in New York. *See TCT Fed. Credit Union*, 2011 WL 817496, at *2, 2011 U.S. Dist. LEXIS 20371, at *5 (noting that "the party that removed this case . . . bears the burden to show that removal was proper," and that "all doubts [must] be resolved in favor of remand" (citations omitted)). The parties do not dispute that Plaintiff conducts the majority of its activities in New York: Plaintiff is headquartered in New York and over half of its branch offices are in New York. But the record does not reflect that Plaintiff's activities are *localized* in New York, given that Plaintiff's charter does not limit its activities to one state; it has employees in New York, New Jersey, and Pennsylvania; around 40% of its branch offices are located in New Jersey and Pennsylvania; its field of membership expressly includes people in New Jersey and Pennsylvania; 24.4% of the total amount of shares

are held by members of offices located outside of New York State; and 19.8% of the outstanding loans were to members of offices located outside the state of New York. *Cf. TCT Fed. Credit Union*, 2011 WL 817496, at *3–6, 2011 U.S. Dist. LEXIS 20371, at *7–16 (finding a federal credit union localized when, inter alia, it only had branch offices in New York, less than 1% of its total mortgage loans were secured by properties outside of New York, 99% of its non-commercial lending practice was secured by properties in New York, and 4% of its members lived outside of New York, noting that the plaintiff conducted an "overwhelming" amount of business and had an "overwhelming" amount of its members in New York); *Waldron Midway Enters., Inc. v. Coast Fed. Bank*, No. 91-cv-1750, 1992 WL 81724, at *2, 1992 U.S. Dist. LEXIS 22483, at *5–6 (E.D.N.Y. Apr. 6, 1992) (finding a federal savings bank localized because, even though it had authority to do business nationwide, it had no out-of-state branches, targeted its business activities to a single state, and out-of-state loans were less than 5% of its business); *Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995) (finding a federal savings bank localized where its principal place of business was in Maryland, thirty of its thirty-one branches were located in Maryland, over two-thirds of its residential mortgages were located in Maryland, and two-thirds of the loans it serviced were secured by in-state properties).

The facts here are comparable to other instances in which courts have found that the localization exception did not apply to a stateless national citizen. *See, e.g.*, *Parks Heritage*, 2017 WL 74280, at *5–6, 2017 U.S. Dist. LEXIS 1491, at *11–16 (finding that a federal credit union was not localized even though its only branch office was in New York and the vast majority of members in New York, when its charter/bylaws did not restrict its activities to New York, its membership requirements allowed for non-New York resident members, its debit cards and website could be accessed from anywhere, it had ATM's worldwide, and it regularly secured,

repossessed, and resold collateral outside of New York); *Auriemma Consulting Grp., Inc. v. Universal Sav. Bank*, 367 F. Supp. 2d 311, 314–15 (E.D.N.Y. 2005) (finding that a federally chartered bank which was headquartered in Wisconsin, held its board meetings in Wisconsin, and four of its five of its corporate directors were in Wisconsin, was not localized because one of its two retail branch offices was in Michigan, its charter did not limit its activities to a single state, it maintained administrative offices in California and Arizona, and the majority of its credit card customers were located out of state); *Iceland Seafood Corp v. Nat'l Consumer Co-op Bank*, 285 F. Supp. 2d 719, 725–26 (E.D. Va. 2003) (finding no localization where the corporate charter did not limit the federally chartered bank's activities geographically, it made loans to cooperatives in five other states, and it had several branch offices throughout the nation and secured collateral located in other states).

### B. Remand to State Court

Having determined that diversity of citizenship does not exist and that jurisdiction is lacking, the Court concludes that removal of this action was improper. *See* 28 U.S.C. § 1441(a) (providing that removal is permitted for any civil action brought in state court over which a federal district court has original jurisdiction); *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010). Accordingly, the case will be remanded to New York State Supreme Court, Broome County, where it originated. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133–34 (2d Cir. 2006) ("We have interpreted section 1447(c) to authorize a remand for . . . a lack of subject matter jurisdiction.").

### IV. CONCLUSION

Accordingly, it is

**ORDERED** that the case is **REMANDED** to New York State Supreme Court, Broome County, under Index No. EFCA2022000910; and it is further

**ORDERED** that the Clerk shall mail a certified copy of this order of remand to the Clerk of the New York Supreme Court, Broome County.

**IT IS SO ORDERED.**

Dated: <u>July 25, 2022</u>
Syracuse, NY

_____
Brenda K. Sannes
U.S. District Judge